UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON, | 1:17-cv-00224-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENIAL OF PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g), AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL |
| vs. | |
| CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al., | |
| Defendants. | (ECF No. 2) |

I.      BACKGROUND

Vester L. Patterson, III ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 16, 2017.  (ECF No. 1.)  On the same day, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

II.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury."

## III.   ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.  The Court has found evidence on the court record of three 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on February 16, 2017.

The Court takes judicial notice of Patterson v. Beard, et al., et al. No. 2:15-cv-00290-MCE-EFB (E.D.Cal. Jul. 29, 2015), adopting Findings and Recommendations (E.D.Cal. Apr. 23, 2015) (recommending dismissal under 28 U.S.C. 1915(g) due to filing 3 or more cases that were frivolous, malicious, or fails to state a claim and collecting cases).  The Findings and Recommendations ("F&R") issued on April 23, 2015, found that the following cases constituted strikes under 28 U.S.C. 1915(g):

> (1) Patterson v. Gravlin, No. 2:98-cv-1590-AAH-RC (C.D. Cal. Apr. 27, 1998) (order dismissing action for failure to state a claim and as frivolous);

> (2) Patterson v. Lombatoz, No. 3:98-cv-1759-AJB (S.D. Cal. Nov. 3, 1998) (order dismissing action for failure to state a claim);

> (3) Patterson v. Morris, No. 2:98-cv-5252-AAHRC (C.D. Cal. Nov. 9, 1998) (order dismissing action for failure to state a claim);

> (4) Patterson v. Zuniga, No. 2:11-cv-9713 (C.D. Cal.) (December 22, 2011 order denying application for leave to proceed in forma pauperis on grounds that complaint fails to state a claim and seeks monetary relief from an immune defendant, and February 22, 2012 order certifying that plaintiff's appeal therefrom is frivolous);

> (5) Patterson v. Leslie, No. 2:12-cv-6088-UA-SS (C.D. Cal. Aug. 9, 2012) (order dismissing action for failure to state a claim).

Patterson v. Beard, et al., et al. No. 2:15-cv-00290-MCE-EFB (E.D.Cal. Apr. 23, 2015).  The Court has reviewed the decisions cited in the April 23, 2015 F&R and reaches the same

conclusion as the <u>Beard</u> court: Plaintiff has,  on at least three prior occasions, brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to

state a claim upon which relief may be granted.[1]

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  <u>Id.</u> at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception.  <u>See</u> <u>Andrews</u>, 493 F.3d at 1053.  Plaintiff does not expressly allege that he is in imminent danger of serious physical injury.  In the Complaint, Plaintiff complains about an unconstitutional prison policy concerning treatment of Hepatitis C. The Complaint is devoid of any factual allegations showing that Plaintiff was under any specific danger of harm at the time he filed the Complaint.  Plaintiff fails to describe any specific incident, threat, or knowledge upon which he bases his assertion that he was under imminent danger of serious bodily harm.  These facts do not support the existence of an imminent danger of serious physical injury when Plaintiff commenced this action.  Moreover, Plaintiff has not shown the requisite nexus between any of his claims in the complaint and his

---

[1] The Court cites five cases qualifying as strikes under 28 U.S.C. § 1915(g).  It appears that Plaintiff has filed numerous additional cases in this District that have been dismissed for various reasons.  The list of cases cited in this order is, therefore, not intended to be exhaustive.

allegation of imminent danger.  Stine v. Federal Bureau of Prisons, 2015 WL 5255377 at *5 (E.D. Cal. Sept. 9, 2015) (A "three strikes" prisoner seeking to litigate IFP must allege facts that plausibly show he is in imminent danger, and the allegations in the complaint must reveal a nexus between at least one cause of action and the imminent danger).

## IV.    CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's applications to proceed *in forma pauperis* should be denied, and Plaintiff should be required to pay the $400.00 filing fee in full to proceed with this action.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1.    Pursuant to 28 U.S.C. § 1915(g), Plaintiff's applications to proceed *in forma pauperis* in this action be DENIED; and

2.    Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __**March 2, 2017**__          _____/s/ Erica P. Grosjean_____
                                                        UNITED STATES MAGISTRATE JUDGE